UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET SIHLER and CHARLENE BAVENCOFF,

    Plaintiffs,

v.                                Case No. 8:23-cv-1450-VMC-JSS

GLOBAL E-TRADING, LLC dba CHARGEBACKS911, GARY CARDONE and MONICA EATON,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon Plaintiffs' Motion to Compel Document Production (Doc. 67) and Defendants' Response to same (Doc. 74). At issue in this matter is Plaintiff's first request for production served upon Defendants on November 3, 2023, whereby Plaintiffs sought:

> [a]ny and all Skype communications between [Defendants] and Brightree Holdings, including but not limited to Skype chats between Chargebacks911 and: "xcellent.choice" or any other accounts for David Flynn, "instantlyfamous" or any other accounts for Rick James, "thebigguy1978_1" or any other accounts for Aaron Wilson, and "threecommaclub" or any other accounts for Mike Campbell.

(Doc. 67-1, p. 7, 16, 25). Defendants maintain that they have no responsive Skype chat transcripts within their possession, custody, or control. (Doc. 74, p. 1, 5). Plaintiffs argue that this position is inconsistent with evidence in their possession acquired from a related California lawsuit. Specifically, Plaintiff has produced a

Skype chat between Brightree Holdings and Chargebacks911 employee Ben Scrancher as evidence in support of its contention that the requested communications do exist. (Doc. 67, p. 9–10; Doc. 67-14). Defendants offer no specific explanation for this inconsistency but maintain that Mr. Scrancher is not currently in possession of any responsive chats and further note that Mr. Scrancher's Skype messages which are more than two years old no longer have any content. (Doc. 74, p. 12).

Having reviewed the filings and heard argument from the parties regarding the methods used to locate the requested communications, this Court finds that the inquiry was insufficient, and the chat transcripts are relevant to the pending litigation. Notably, electronic searches are highly technical inquiries, and forensic review can recover documents that would otherwise not be retrievable. Thus, for the reasons stated at the hearing, it is hereby ORDERED:

1. Plaintiffs are entitled to hire an independent examiner to search Mr. Scrancher's Skype chats for the communications notated within their first request to produce. The scope of the inquiry shall not extend beyond the subject matter listed in this request, and Plaintiffs' examiner shall not have access to Mr. Scrancher's Skype for more than <u>three</u> days.

2. In the event responsive communications are found within Mr. Scrancher's Skype account, the investigator shall disclose said communications to defense counsel only to review and raise within seven days any objections with the Court.

3. In the event defense counsel has no objections, the communications shall be freely disclosed to Plaintiffs.

4. Defendants shall have ten days from the entry of this Order to raise any privacy objections.

5. Plaintiffs shall have thirty days to conduct the search. This time period shall begin either: 1) at the conclusion of the objection period if no objections are raised or 2) following this Court's adjudication of any objections if raised.

DONE AND ORDERED in Tampa, Florida, on this 11th day of April 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Counsel of Record