UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET SIHLER and
CHARLENE BAVENCOFF,
Individually and
on Behalf of All Others
Similarly Situated,

      Plaintiffs,

v.                           Case No. 8:23-cv-1450-VMC-LSG

GLOBAL E-TRADING, LLC,
d/b/a Chargebacks911,
GARY CARDONE, and
MONICA EATON,

      Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiffs Janet Sihler and Charlene Bavencoff's Motion for Sanctions (Doc. # 167), filed on September 17, 2024. Defendants Global E-Trading, LLC, Gary Cardone, and Monica Eaton responded on October 1, 2024. (Doc. # 168). Plaintiffs replied on October 10, 2024. (Doc. # 174). For the reasons that follow, the Motion is granted.

**I.**    **Background**

Plaintiffs initiated this putative class action against Defendants on June 28, 2023. (Doc. # 1). The operative complaint is the third amended complaint, in which Plaintiffs

1

assert two RICO claims: (1) for violation of 18 U.S.C. § 1962(c) (Count 1) — a substantive RICO claim; and (2) for violation of 18 U.S.C. § 1962(d) (Count 2) — a RICO conspiracy claim. (Doc. # 102). On August 13, 2024, the Court certified a nationwide class in this RICO case. (Doc. # 156).

The parties have been proceeding through discovery. Beginning in May 2024, the parties began trying to schedule Ms. Eaton's deposition. (Doc. # 167-1 at Ex. 1). Plaintiffs' counsel informed Defendants' counsel of the importance of scheduling Ms. Eaton's deposition "sooner rather than later" because the Magistrate Judge had ruled that Plaintiffs could not "renew [their] motion to compel [another witness] Mr. Scrancher's deposition until after completing the depositions of Mr. Cardone and Ms. Eaton." (Id.). Plaintiffs were concerned that "completing Ms. Eaton's deposition in late August [would] not give [them] enough time before the discovery cutoff to renew the motion to compel Mr. Scratcher's deposition in the event [they] deem[ed] that necessary." (Id.). Nevertheless, after some back-and-forth, the parties initially scheduled Ms. Eaton's deposition for August 21, 2024. (Id.).

Later, the parties agreed to reschedule Ms. Eaton's deposition for August 30, 2024. (Id. at Ex. 4). On July 22,

2

2024, Plaintiffs served their Amended 30(b)(1) Notice of Deposition of Monica Eaton, which set an August 30, 2024 deposition date for Ms. Eaton. (Id. at Exs. 5, 6).

On July 25, 2024, Defendants' counsel asked to relocate Ms. Eaton's deposition to the Tampa offices of Gunster, one of the law firms representing Ms. Eaton. (Id. at Ex 6). Plaintiffs agreed to relocate the deposition to the location Defendants requested and served a Second Amended 30(b)(1) Notice of Deposition of Monica Eaton, which reflected the new location. (Id. at Exs. 6-7). At Defendants' request, Plaintiffs changed the time of Ms. Eaton's deposition to begin earlier at 9:00am on August 30. (Id. at Ex. 6). Plaintiffs served a Second Amended 30(b)(1) Notice of Deposition of Monica Eaton, which reflected the earlier time. (Id. at Ex. 8).

On August 13, 2024, Plaintiffs' counsel contacted Defendants' counsel to schedule the Rule 30(b)(6) deposition of Chargebacks911 for mid-September 2024. (Id. at Ex. 9). Defendants responded that they did not "intend to produce Ms. Eaton for deposition twice and it may very well be that we designate her as CB911's [corporate] representative" and that they would "get Ms. Eaton's availability for the dates listed as well as other days in September." (Id.).

3

Plaintiffs' counsel explained that Plaintiffs could not "agree to changing the date of Ms. Eaton's individual deposition from the previously agreed and noticed August 30, 2024." (Id.). Plaintiffs did not want to reschedule the deposition for a later date because of the Court's order requiring Plaintiffs to depose Ms. Eaton before moving to compel Mr. Scrancher's deposition and because Plaintiffs wanted some time between Ms. Eaton's deposition and the Rule 30(b)(6) deposition. (Id.).

On August 20, 2024, Defendants' counsel wrote: "We do not plan to have the CEO of the company [Ms. Eaton] sit for non-consecutive 30(b)(6) and personal depositions." (Id.). The next day, Plaintiffs' counsel responded:

> We are not in a position to reschedule the August 30, 2024 deposition of Ms. Eaton, which has been on the books for weeks. We have already made travel plans/scheduling decisions for that deposition based on your representation that both Ms. Eaton and her counsel would be available on that date. We look forward to seeing you in Tampa . . . . [on August 30 for the Eaton deposition].

(Id.). In response, Defendants' counsel wrote: "I think you have started to take our hospitality for granted. We hosted a deposition at Gunster in Tampa and offered to host others there. This saved you cost and time." (Id.).

4

Piqued by Defendants' counsel's suggestion that they were doing Plaintiffs' counsel a favor by hosting the depositions at the Gunster office, Plaintiffs' counsel on August 23, 2024, re-noticed the Eaton deposition for a hotel conference room a few blocks from Gunster's Tampa office. (Id.; Id. at Ex. 10).

On August 24, 2024, Defendants' counsel emailed Plaintiff's counsel:

> You have been informed several times that Ms. Eaton will not appear for a deposition on August 30. We can also discuss this on the meet and confer. I assume you are planning to show up, then file a motion to compel and seek sanctions, including the costs you incur in showing up. If this is correct, you are needlessly wasting your time and money to create additional issues before the court (at least with regards to costs). I hope we can all be practical about this disagreement. If it needs to go before the court, so be it. That said, there is no reason for you or others to get a conference room in Tampa, to fly to Tampa, and to have a court reporter and videographer show up. We acknowledge without you incurring any of those expenses that you are fully prepared to move forward with her personal deposition on August 30. From our long back and forth on this issue, you know our position and we can further discuss it on Wednesday.

(Id. at Ex. 9).

According to one of Plaintiffs' attorneys, Lorraine Weekes, she and Defendants' counsel had a videoconference a few days later on August 28, 2024, during which they discussed the scheduling of Ms. Eaton's deposition. (Doc. # 167-1 at ¶

5

19). Ms. Weekes "told Defendants' counsel that Plaintiffs could not know for certain whether Ms. Eaton would truly not show up for her properly-noticed deposition until the morning of August 30, 2024." (Id.). She "explained that Plaintiffs did not want to be in the situation where Ms. Eaton appeared for her properly-noticed deposition, but Plaintiffs' counsel did not." (Id.). "At no point during that meet and confer (or at any other time) did Defendants' counsel represent to [Ms. Weekes] that either Ms. Eaton or her counsel had any particular conflict or personal or professional circumstances that would render them unavailable for Ms. Eaton's properly-noticed deposition on August 30, 2024." (Id.).

As Plaintiffs' counsel had advised Defendants they would, they traveled to Tampa to attend the August 30 deposition. But Ms. Eaton and Defendants' counsel failed to appear. (Doc. # 167-2 at ¶¶ 12-15). Notably, Defendants never filed a motion for protective order or otherwise raised the issue of deposition scheduling with the Court before the August 30 deposition.

Plaintiffs then asked Defendants to reimburse them for the "$7,497.27 in fees and costs incurred because of Ms. Eaton's failure to appear for her deposition." (Doc. # 167-2 at ¶¶ 16-17, 23). Defendants refused. (Id.). Subsequently,

Plaintiffs took Ms. Eaton's personal and Rule 30(b)(6) depositions in early October 2024 — less than one month before the November 1, 2024 discovery deadline. (Doc. # 168 at 2; Doc. # 38 at 1).

Now, Plaintiffs move for sanctions against Eaton for failing to appear at the August 30 deposition. (Doc. # 167). Defendants have responded (Doc. # 168), and Plaintiffs have replied. (Doc. # 174). The Motion is ripe for review.

## II. Discussion

"Rule 37 empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties, including dismissal with prejudice." Griffin v. Aluminum Co. of Am., 564 F.2d 1171, 1172 (5th Cir. 1977). Rule 37(d) provides that "[t]he court . . . may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "Sanctions may be imposed even in the absence of a prior court order compelling a party to attend a deposition." Gonzalez v. Batmasian, 319 F.R.D. 403, 405 (S.D. Fla. 2017) (citing Fed. R. Civ. P 37(d)(1)(A)(i)). However, "'failure to appear' for a deposition is strictly construed and Rule 37(d) sanctions apply only when a deponent 'literally fails to show up for a

7

deposition session.'" R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15 (1st Cir. 1991) (citations omitted).

"Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to these sanctions, the court *must require* the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Id. (emphasis added). "No showing of willfulness or bad faith or fault is required." Inspirations Nevada LLC v. Med Pro Billing, Inc., No. 20-CV-60268, 2020 WL 6581602, at *1 (S.D. Fla. Nov. 10, 2020) (citation omitted).

Here, Plaintiffs ask that $12,371.62 in monetary sanctions be imposed on Defendant Eaton. (Doc. # 167 at 18). Specifically, Plaintiffs request $7,497.27 in expenses and attorney fees incurred for the August 30 deposition. (Id. at 17-18; Sampson Decl. at ¶¶ 16-23). Additionally, they request compensation in the amount of $4,874.35 to cover some of the time spent preparing this Motion. (Doc. # 167 at 18).

It is undisputed that the August 30, 2024 deposition was properly noticed, and that Ms. Eaton failed to appear at that deposition. Thus, Ms. Eaton violated her discovery

8

obligations. Sanctions under Rule 37(d)(1)(A)(i) should be imposed unless Ms. Eaton's "failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Ms. Eaton's failure to appear at her August 30 deposition was not substantially justified and no other circumstances render an award of expenses unjust. True, Defendants informed Plaintiffs in advance that Ms. Eaton would not appear at the deposition because Ms. Eaton wished to be deposed on successive days for her personal and Rule 30(b)(6) corporate representative depositions. But that notice, by itself, did not make Ms. Eaton's failure to appear substantially justified. See Adams v. Cont'l Serv. Grp., LLC, No. 23-CV-6396EAW, 2024 WL 3384881, at *6 (W.D.N.Y. July 12, 2024) ("As an initial matter, I reject Adams's contention that her failure to appear was substantially justified because Little was informed that she would not appear and he nonetheless decided to proceed with the deposition.").

Importantly, although Ms. Eaton could have filed a motion for protective order explaining the parties' scheduling dispute before the August 30 deposition, she failed to file any motion with the Court. See Fed. R. Civ. P. 37(d)(2) ("A failure described in Rule 37(d)(1)(A) is not

9

excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."). This failure forecloses a finding of substantial justification for Ms. Eaton's failure to attend her depositions. See Melvin v. United States, No. 5:22-cv-393-GAP-PRL, 2024 WL 167258, at *3 (M.D. Fla. Jan. 16, 2024) ("Mr. Busch's decision to not appear at the deposition without seeking a protective order as contemplated by the Federal Rules, forecloses a finding of substantial justification."). The Court rejects Defendants' position that Ms. Eaton did not need to seek a protective order under the circumstances. See Inspirations Nevada LLC v. Med Pro Billing, Inc., No. 20-CV-60268, 2020 WL 6581602, at *2 (S.D. Fla. Nov. 10, 2020) ("[W]hen Plaintiff refused to reschedule the depositions, Defendant and Zachariasz had two choices: (1) appear for the depositions; or (2) seek a protective order. They did neither. Their failure to appear for their duly-noticed depositions, without obtaining (let alone seeking) a protective order was not substantially justified. Under the circumstances, reasonable people could not differ as to the need to at least seek a protective order, particularly when the deposition notices were received several weeks in advance."). Instead of seeking relief from

the Court, Ms. Eaton simply took it upon herself to ignore her discovery obligations because she preferred a later date for her deposition. See Angiodynamics, Inc. v. Biolitec AG, 991 F. Supp. 2d 283, 293 (D. Mass. 2014) ("A party's failure to attend his or her own deposition presents probably the grossest example of prejudicial discovery misconduct."), aff'd, 780 F.3d 429 (1st Cir. 2015).

Ms. Eaton did not have a right to decline to attend her properly noticed deposition based on her perception that it was inconveniently scheduled. See Melvin, 2024 WL 167258, at *3 ("Mr. Busch's suggestion that his conduct was substantially justified because it resulted from a genuine dispute about scheduling, is dubious at best. . . . Mr. Busch repeatedly demanded scheduling accommodations that are not supported by the law."). Furthermore, Ms. Eaton apparently had no scheduling conflict that prevented her from attending her August 30 deposition. She merely preferred, for her and her counsel's convenience, to conduct both her personal and Rule 30(b)(6) depositions on consecutive days later in the year.

Despite Defendants' insistence otherwise (Doc. # 168 at 14-16), there is no basis in law for the proposition that a witness must be deposed on consecutive days for their personal

11

and corporate representative depositions. Nor is there a basis in law for the proposition that a witness may fail to appear at a properly noticed deposition because that witness believes she has figured out an alternate schedule that would be more efficient and less costly. See Cairobe v. Zwicker & Assocs., P.C., No. 1:23-CV-486-CAP-JKL, 2023 WL 7458339, at *6 (N.D. Ga. Oct. 2, 2023) ("[T]he relevant question before the Court is not whether Defendant was substantially justified in pursuing Plaintiff's deposition when it did — at the mid-point in discovery — but rather, *whether Plaintiff's nonappearance was substantially justified*."), report and recommendation adopted sub nom. Cairobe v. Zwicker & Assocs., P.C., No. 1:23-CV-0486-CAP, 2023 WL 9852976 (N.D. Ga. Nov. 16, 2023). Also, at the time Ms. Eaton's personal deposition was scheduled for August 30, Ms. Eaton had not yet been designated by Defendants as Chargebacks911's corporate representative. And Defendants were free to designate another individual as the corporate representative (or move for a protective order) if Ms. Eaton was truly unwilling to undergo non-consecutive personal and corporate representative depositions.

Furthermore, the Court is unpersuaded by Defendants' position that "Plaintiffs could have brought this motion for

12

sanctions without incurring the related costs by relying on Defendants' acknowledgement as to Plaintiffs' willingness to move forward with the deposition." (Doc. # 167 at 17-18). Plaintiffs had every right to demand that Ms. Eaton attend her August 30 deposition. They had every right to travel to the deposition in the hopes that Ms. Eaton and her counsel would comply — albeit at the last minute — with their discovery obligations. See EMW Women's Surgical Ctr., P.S.C. v. Friedlander, 978 F.3d 418, 447-48 (6th Cir. 2020) (finding it was "reasonable for Planned Parenthood to prepare fully for the deposition and send its lead counsel [to Kentucky] in case the Governor's Office decided to appear" at its deposition, even though "counsel for the Governor's Office had clearly communicated that no representative would attend the deposition," because both "parties knew that the Governor's Office had a duty to send a representative under threat of sanction"), abrogated on other grounds by Dobbs v. Jackson Women's Health Org., 597 U.S. 215 (2022).

Plaintiffs were also prejudiced by Ms. Eaton's failure to appear. Plaintiffs had informed Defendants that they were not willing to reschedule Ms. Eaton's personal deposition for a very good reason: Plaintiffs could not take the deposition of Mr. Scrancher until Ms. Eaton's personal deposition was

13

taken and Plaintiffs were concerned about the looming November 1 discovery deadline. (Doc. # 167-1 at Ex. 9). Ms. Eaton's failure to appear on August 30 thus caused an over-one-month delay in Plaintiffs' taking of her personal deposition — with such deposition having occurred less than one month before the November 1 discovery deadline. (Doc. # 168 at 2). Fearing just such an unfortunate result, Plaintiffs were not unreasonable in having refused to reschedule the August 30 deposition. Rather, it was Ms. Eaton who was unreasonable in refusing to attend her properly noticed deposition and failing to file a motion for protective order with the Court before the August 30 deposition.

The Court, therefore, will impose sanctions in the amount of Plaintiffs' reasonable expenses incurred because of Ms. Eaton's failure to appear at her deposition. No sanction beyond Plaintiffs' expenses is warranted here. The Court agrees with Plaintiffs that their expenses incurred both in appearing at the deposition and preparing this Motion are reasonable. Plaintiffs are awarded $12,371.62 to be paid by Ms. Eaton personally. (Doc. # 167 at 17-18; Sampson Decl. at ¶¶ 16-23).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

14

(1) Plaintiffs Janet Sihler and Charlene Bavencoff's Motion for Sanctions (Doc. # 167) is **GRANTED**.

(2) Defendant Monica Eaton is ordered to promptly pay Plaintiffs' counsel $12,371.62 as a sanction for her failure to appear at her August 30 deposition.

(3) Defendants are directed to file a notice of compliance with the Court once Ms. Eaton has paid Plaintiffs the full amount of the sanctions award.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of October, 2024.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE