# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JANET SIHLER, Individually and On Behalf of All Others Similarly Situated; CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>GLOBAL E-TRADING, LLC DBA CHARGEBACKS911, GARY EATON, MONICA CARDONE,<br><br>*Defendants.* | Case No.: 8:23-CV-01450-VMC-LSG |

## MOTION TO SEAL

Plaintiffs Janet Sihler and Charlene Bavencoff, by and through the undersigned counsel and pursuant to Local Rule 1.11, hereby file this motion for leave to file under seal certain documents submitted to the court in connection with Plaintiffs' Motion to Renew their Motion to Compel the Deposition of Ben Scrancher. Plaintiffs request that the Court deny the instant motion and order Plaintiffs to file the documents in the public docket.

## BACKGROUND

Plaintiffs initiated this action on June 28, 2023 (ECF No. 1). To facilitate the discovery process in this matter, the Parties entered a Confidentiality Agreement. *See* Exhibit 1.

On April 24th, Plaintiffs moved to compel the deposition of Ben Scrancher. *See* ECF No. 106 ("Motion to Compel Scrancher Deposition").

The court denied Plaintiffs' Motion to Compel on May 16, 2024. See ECF No. 117. It directed: "Plaintiffs are directed to take the depositions of Monica Eaton and Gary Cardone. If, following the completion of these depositions, Plaintiffs still wish to depose Mr. Scrancher, they may bring it to the Court's attention by filing a motion to renew the instant motion." *Id.*

Having taken the depositions of Gary Cardone and Monica Eaton, Plaintiffs have now filed a Motion to Renew their Motion to Compel the Deposition of Ben Scrancher.

Defendants have designated portions of Plaintiffs' memorandum in support of their Motion to Renew Their Motion Compel Deposition of Ben Scrancher as well as exhibits filed in support of that motion as "confidential" under the Parties' Confidentiality Agreement. Specifically, Plaintiffs believe the Defendants have designated the following documents and portions of documents "confidential" under the Parties' Confidentiality Agreement:

- Exhibit Q to Plaintiffs' Motion to Renew their Motion to Compel the Deposition of Ben Scrancher, which is an email chain from January 2020 that includes Ben Scrancher.

- Exhibit W to Plaintiffs' Motion to Renew their Motion to Compel the Deposition of Ben Scrancher, which is an email chain from March 2017 that includes Ben Scrancher.

2

- Exhibit X to Plaintiffs' Motion to Renew their Motion to Compel the Deposition of Ben Scrancher, which is an email exchange between Defendant Cardone and Ben Scrancher, with Monica Eaton CCd, from April 2017.
- Exhibit Y to Plaintiffs' Plaintiffs' Motion to Renew their Motion to Compel the Deposition of Ben Scrancher, which contains June 2017 emails between Ben Scrancher and Defendant Cardone.
- Exhibit Z to Plaintiffs' Motion to Renew their Motion to Compel the Deposition of Ben Scrancher, which is March 2017 email chain forwarded to Ben Scrancher by Gary Cardone.
- Exhibit AA to Plaintiffs' Motion to Renew their Motion to Compel the Deposition of Ben Scrancher, which contains September 2016 emails including one from Ben Scrancher.
- Exhibit AB to Plaintiffs' Motion to Renew their Motion to Compel the Deposition of Ben Scrancher, are November 2016 emails that include Ben Scrancher.
- Exhibit AC to Plaintiffs' Motion to Renew their Motion to Compel the Deposition of Ben Scrancher, which is a May 2016 email to Ben Scrancher.
- Exhibit AD to Plaintiffs' Motion to Renew their Motion to Compel the Deposition of Ben Scrancher, which is a February 2017 email from Ben Scrancher.

- Portions of Exhibit D to Plaintiffs' Motion to Renew their Motion to Compel Deposition of Ben Scrancher, which is a March 15, 2024 Letter to Joshua Rubin from Plaintiffs' counsel containing discussion and quotes from Exhibits I-S to Plaintiffs' Motion to Compel Scrancher Deposition.

This Motion to Seal concerns Exhibits Q, and W-AC to the Plaintiffs' Motion to Renew their Motion to Compel the Deposition of Ben Scrancher, portions of Exhibit D, and Plaintiffs' Memorandum in support of their Motion to Renew Their Motion to Compel Deposition of Ben Scrancher that quote from or paraphrase Exhibits D, Q, and W-AD, *see* Exhibit 2. Collectively these materials are referred to as the "Subject Materials."

## LEGAL MEMORANDUM

The filing of the Subject Materials is necessary because they are critical evidence in support of Plaintiffs' contention that Ben Scrancher is a managing agent of Defendant Chargebacks911 who must be produced for deposition by Chargebacks911 upon notice.

Plaintiffs do not believe that sealing the Subject Materials is necessary and maintain that filing the Subject Materials, unredacted, in the public docket would be an acceptable alternative to sealing.

"Public disclosure of discovery material is subject to the discretion of the trial court and the federal rules that circumscribe that discretion. Where discovery materials are concerned, the constitutional right of access standard is identical to that of Rule 26(c) of the Federal Rules of Civil Procedure." *Chi. Tribune Co. v. Bridgestone/Firestone,*

*Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001) (cleaned up).

"'Good cause' is hard to define but generally signifies a sound basis or legitimate need to take judicial action after balancing the interests involved." *Treminio v. Crowley Mar. Corp.*, No. 3:22-cv-174-MMH-PDB, 2023 U.S. Dist. LEXIS 131543, at *6 (M.D. Fla. July 3, 2023) (cleaned up).

Though Plaintiffs are moving for leave to file the Subject Materials under seal, they do not believe that there is "good cause" for the granting of their motion. Defendants have designated the Subject Materials confidential, but a "blanket assertion that the subject exhibits contain confidential business or financial information is insufficient to show good cause for sealing the filings." *See Regions Bank v. Kaplan*, No. 8:16-cv-2867-T-23AAS, 2017 U.S. Dist. LEXIS 203168, at *5 (M.D. Fla. Dec. 11, 2017).

To be sure, there is information in the Subject Materials that does not paint Defendant in a favorable light. But that is not a sufficiently valid reason for sealing. *See RES Dev. Corp. v. Momentive Performance Materials, Inc.*, No. 5:09-cv-491-Oc-32JBT, 2011 U.S. Dist. LEXIS 160760, at *2, *4 (M.D. Fla. July 1, 2011) (recognizing that common law right of access to judicial proceedings does not apply to discovery materials, but denying motion to seal proposed motion to compel discovery because "Plaintiff does not provide sufficient valid reasons for sealing and has not satisfied the 'good cause' standard").

Plaintiffs anticipate that Defendant Chargebacks911 will file a memorandum supporting this motion pursuant to Local Rule 1.11(c).

5

If the Court is inclined to grant Plaintiffs' Motion to Seal, Plaintiffs propose the seal last until ninety days after the case is closed and all appeals exhausted.

## CONCLUSION

Plaintiffs respectfully request that the Court enter an order directing that the Subject Materials may be filed in the public docket, unredacted. Alternatively, Plaintiffs request that the Court grant this Motion to Seal and grant Plaintiffs leave to file the Subject Materials under seal.

Date: November 1, 2024

Respectfully submitted,

/s/ A. Lorraine Weekes
Lorraine Weekes

**KNEUPPER & COVEY, PC**
Kevin M. Kneupper, Esq. (pro hac vice)
kevin@kneuppercovey.com
A. Lorraine Weekes (pro hac vice)
lorraine@kneuppercovey.com
17011 Beach Blvd Suite 900,
Huntington Beach, CA 92647
Office: 657-845-3100

A. Cyclone Covey, Esq. (pro hac vice)
Cyclone@kneuppercovey.com
4475 Peachtree Lakes Dr.
Berkeley Lake GA, 30096
Office: 657-845-3100

**KIBBEY WAGNER PLLC**
Jordan Wagner, Esq. (SBN 14852)
73 SW Flagler Ave
Stuart, FL 34994-2140
Office: 772-444-7000
jwagner@kibbeylaw.com

*Attorneys for Plaintiffs Janet Sihler and Charlene Bavencoff and the Class*

## Local Rule 3.01(g) Certification

I certify that Plaintiffs have conferred via email with Defendants' counsel concerning this motion in good faith. On November 1, 2024, Defendants' counsel informed me that Defendants consent to the Motion to Seal.

/s/A. Lorraine Weekes
Lorraine Weekes

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the Court's CM/ECF electronic mail system, on this 1st day of November 2024. That system should furnish notice to all counsel of record.

/s/A. Lorraine Weekes
Lorraine Weekes
