## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JANET SIHLER, Individually and On Behalf of All Others Similarly Situated; CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>GLOBAL E-TRADING, LLC DBA CHARGEBACKS911, GARY EATON, MONICA CARDONE,<br><br>*Defendants.* | Case No.: 8:23-CV-01450-VMC-LSG |

## PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AS TO ONE DISCRETE CATEGORY OF EVIDENCE

The scheduling order in this case originally set the discovery cutoff for November 1, 2024. As that deadline approached, Plaintiffs requested that the deadline be extended with respect to, *inter alia*, their outstanding requests for documents from non-party Microsoft Corporation, which Plaintiffs subpoenaed in June 2024. The Court granted Plaintiffs request and entered an order extending the deadline with respect to that discovery until January 15, 2025. As Plaintiffs explained in their request, Microsoft refused to produce documents responsive to the subpoena voluntarily, leaving Plaintiffs with no option but to seek court intervention via a motion to compel compliance with the subpoena before the United States District Court for the Western District of Washington (the "Compliance Court"). On December 20, 2024, Plaintiffs succeeded in that effort when the Compliance Court ordered

1

Microsoft to produce responsive documents by January 3, 2025.  Microsoft refused. Despite a court order directing Microsoft to comply, it chose instead to file a motion for reconsideration on the day that it was ordered to produce responsive documents to the Plaintiffs.

On January 15, 2025, the Compliance Court again ruled that Microsoft must comply with Plaintiffs' subpoena, denying the company's motion for reconsideration. Microsoft is now obligated to produce responsive documents to Plaintiffs within fourteen days.  If this Court does not extend the existing discovery deadline with respect to this narrow category of documents, however, those documents will be of little use to Plaintiffs.

Microsoft has been twice directed to comply with Plaintiffs' subpoena by a federal court.  But because of Microsoft's open disregard for a clear court order, Plaintiffs have yet to obtain the discovery that is relevant to the claims in this action.

Accordingly, to provide Plaintiffs with the discovery to which they are entitled under the Federal Rules, they respectfully request that the discovery deadline with respect only to the outstanding documents from Microsoft be extended by thirty days, until February 14, 2025. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) ("The Federal Rules of Civil Procedure strongly favor full discovery whenever possible.").  As discussed below, there is good cause for the requested extension and no other scheduling deadlines need be modified if it is granted.

The Compliance Court has ordered Microsoft to produce responsive

documents by January 29, 2025. Plaintiffs request a thirty-day extension of the discovery deadline so that their vendor has adequate time to process and filter the data after receiving them from Microsoft consistent with the scope of Mr. Flynn's consent to the disclosure of his Skype communications.

## PROCEDURAL BACKGROUND

On October 12, 2023, the court entered a scheduling order which set a discovery deadline of November 1, 2024. ECF No. 38 at p. 1. On November 12, 2024, the court entered an amended scheduling order granting in part the Plaintiffs' request and extending the deadline with respect to the discovery sought from Microsoft until January 15, 2025. ECF No. 187.

## LEGAL STANDARD

Once a district court has entered a scheduling order, that order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The "touchstone" in evaluating this rule "is diligence." *Warrington v. Rakesh Patel*, No. 2:22-cv-77-JES-KCD, 2024 U.S. Dist. LEXIS 137015, at *3 (M.D. Fla. Aug. 2, 2024). *See Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (Cleaned up.)). But "Rule 16 was not intended to as an inflexible straightjacket on the conduct of litigation." *Butler v. Pinerio*, No. CV423-063, 2023 U.S. Dist. LEXIS 232740, at *1-2 (S.D. Ga. Dec. 28, 2023) (cleaned up). *See also Payne v. Ryder Sys.*, 173 F.R.D. 537, 540 (M.D. Fla. 1997) ("Rule 16 is not completely

inflexible."). And district courts routinely grant motions seeking to modify discovery deadlines. *See, e.g.*, *Life Ins. Co. v. Greenbaum*, No. 8:20-cv-888-MSS-JSS, 2021 U.S. Dist. LEXIS 220847, at *2 (M.D. Fla. Nov. 16, 2021) ("The Court finds good cause to grant the requested extension of the discovery deadline to conduct additional limited discovery as set forth in the Motion and this order."); *Dawkins v. GMAC Ins. Holdings*, No. 3:03-cv-322-J-99HTS, 2005 U.S. Dist. LEXIS 61892, at *29 (M.D. Fla. Aug. 31, 2005) (granting opposed motion to allow additional discovery for an additional period of ninety days).

## ARGUMENT

### *Good Cause Supports the Granting of an Extension with Respect to Documents Responsive to Plaintiffs' Subpoena to Microsoft*

Good cause exists to extend the deadline for discovery with respect to documents sought from Microsoft—namely, communications on the Skype messaging platform. As Plaintiffs explained in their first request to modify the scheduling order, the Plaintiffs requests for documents from Microsoft is part of a long-running effort to obtain complete records of the communications between David Flynn—a central figure in the Keto Products scheme—and the Defendants in this action. Plaintiffs have been denied this discovery by the Defendants, then by Chargebacks911's managing agent, Ben Scrancher, and finally by Microsoft itself. Although Plaintiffs successfully obtained an order compelling Microsoft to comply with Plaintiffs' subpoena, the company elected to continue its obstruction. Plaintiffs

should not be denied evidence—already deemed relevant by a federal court—simply because a non-party will not obey a clear court order.

Plaintiffs' first request to extend the discovery deadlines in this case catalogued Plaintiffs' efforts to obtain Microsoft's documents without court intervention. *See* Dkt. No. 178 at 8–10. On October 2, 2024, after those efforts failed, Plaintiffs filed a motion to compel Microsoft's compliance with the subpoena (the "Microsoft Motion to Compel"). *See In re Microsoft Corporation*, 2:24-mc-00062-TL (W.D. Wash. Oct. 2, 2024), ECF No. 1. Microsoft filed its opposition on October 24, 2024, and the Motion to Compel was fully submitted on October 31, 2024. *See In re Microsoft Corporation*, ECF No. 7.

On December 20, 2024, the Compliance Court granted Plaintiffs' motion. *In re Microsoft Corporation*, ECF No. 8. The court recognized that "[c]ommunications among co-conspirators" like those in Microsoft's possession "are relevant to a RICO claim." ECF No. 8 at 5. The Compliance Court went on to find that the Subpoena "describes the documents with particularity and confines the request to a specific time period, all of which minimizes any burden on Respondent." ECF No. 8 at 6. "Ultimately," the Compliance Court concluded, Microsoft "never articulate[d] the nature of burden on itself, let alone why that burden is undue." ECF No. 8 at 6. Accordingly, the Compliance  Court ordered Microsoft to "produce documents responsive to the subpoena, if any, within fourteen (14) days of this Order"—*i.e.*, on January 3, 2025. ECF No. 8 at 7. Following the ruling, counsel for Microsoft contacted

Plaintiffs' counsel and requested an extension of time to comply with the order. Plaintiff's counsel explained that Plaintiffs could not agree to an extension because of the impending discovery deadline in this action. Sampson Decl. ¶ 6, Ex. A.[1]

On January 3, 2025, Microsoft did not provide the documents that the court had ordered it to produce. Instead, Microsoft filed a motion for reconsideration of the Compliance Court's order. *In re Microsoft Corporation*, ECF No. 9. The only basis for reconsideration was Microsoft's objection to the consent form that Mr. Flynn had provided, information that the company had in its possession well before the motion to compel was briefed and that it could have brought to the court's attention long before.

On January 8, 2025, counsel for the Plaintiffs conferred with counsel for Microsoft regarding the company's failure to heed the Compliance Court's Order. Sampson Decl. at ¶ 9. In the hopes of a more efficient resolution of the dispute that would allow Plaintiffs to meet the discovery deadline in this matter, counsel asked whether Microsoft would clarify which portions of Mr. Flynn's consent form were deficient or whether Mr. Flynn could verify his identity in another way. *Id.* Microsoft refused to consider alternative methods of verification. *Id.*

On January 15, 2025, the Compliance Court denied Microsoft's motion for

---

[1] Meanwhile, the Plaintiffs continued their efforts to seek records of the Skype conversations from Mr. Flynn directly. On December 24, 2024, Mr. Flynn informed Plaintiffs' counsel that he had sent select Skype conversations to Plaintiffs' vendor for processing. Sampson Decl. ¶ 7. Without Microsoft's data, however, Plaintiffs cannot be certain that the version provided by Mr. Flynn is complete.

reconsideration. *In re Microsoft Corporation*, ECF No. 13. The Compliance Court agreed with Plaintiffs that that Microsoft "was not diligent" in investigating Mr. Flynn's consent verification form or introducing into the record any problem with the form. *Id.* at 5. Tardiness aside, the Compliance Court held that Microsoft's objections to the form and scope of Mr. Flynn's consent—objections that were the cornerstone of Microsoft's months-long refusal to produce documents to Plaintiffs—were not justified by Microsoft's professed desire to comply with the Electronic Communications Privacy Act. *Id.* at 6–9. In substance, the Compliance Court affirmed what Plaintiffs have said all along: Microsoft's obstreperousness did not have a sound basis in law. The delay that Plaintiffs encountered because of Microsoft's baseless objections is the reason why they require additional time for discovery in this action and why good cause exists for an extension of the discovery deadline.

Plaintiffs' have diligently tried to obtain Microsoft's documents both informally and, when Microsoft refused, by asking the appropriate court to order compliance. The Compliance Court's first order should have ended Plaintiffs' pursuit of those documents; had Microsoft complied, Plaintiffs would have had responsive documents in advance of the current discovery deadline. But Microsoft elected to challenge that order based on an unsupported understanding of its statutory duties and evidence that it had in its possession for months. Plaintiffs have pursued these documents from several sources for nearly a year. At each turn, they have been met with recalcitrance. Now their latest attempt has been frustrated by an open contempt of a court order.

The sheer number and variety of Plaintiffs' attempts to obtain the Skype data and their prompt requests for court intervention speaks to their diligence. Put simply, a non-party's refusal to obey a court order is well-outside of Plaintiffs' control and should not hamper Plaintiffs' ability to obtain and use relevant documents in this action.

The significance of Microsoft's documents has not changed. Plaintiffs wish to obtain this data to confirm the completeness of the Skype conversations provided by Mr. Flynn. The record of Mr. Flynn's Skype conversations in Microsoft's possession is therefore relevant to the merits of this case and to the Defendants' destruction of electronically stored information, which Plaintiffs believe was intentional. Specifically, on January 13, 2025, Plaintiffs' vendor recovered metadata from the currently existing record demonstrating that Ben Scrancher selectively deleted certain messages in Skype conversations with Mr. Flynn on May 16th and May 17th, 2023. These selective deletions by Mr. Scrancher occurred one week after Plaintiffs' counsel had sent an e-mail to counsel for Defendants notifying them that a lawsuit would soon be filed against Defendants. That pre-suit e-mail had other Skype conversations attached as exhibits. Many of the deleted messages were in the middle of conversations involving Mr. Scrancher and Mr. Flynn, but there was no way to know that the messages had been deleted without reviewing the metadata. In screenshots Mr. Flynn took of the conversations, there was no indication that any messages had ever been there. While the messages were deleted by Mr. Scrancher in

2023, they originally were sent during the 2019 time period at the heart of this case.

To the extent that Microsoft's records are different than what Mr. Flynn has provided, they would contain material evidence for the merits of this case. Moreover, should the Plaintiffs seek sanctions against the Defendants for the spoliation of evidence—up to and including default—F.R.C.P. 37(e) imposes upon them a duty to avail themselves of the discovery process to try to replace any destroyed information before seeking court intervention. Fed. R. Civ. P. 37(e); *see also Doe v. Willis*, No. 8:21-cv-1576-VMC-CPT, 2023 U.S. Dist. LEXIS 64370, at *23 (M.D. Fla. 2023) ("Because ESI often exists in multiple locations, loss from one source may often be harmless when substitute information can be found elsewhere.") (citation omitted). Plaintiffs have exhausted every avenue in the satisfaction of that duty, but have sought Microsoft's data to confirm that the records that they now have are complete. That process should have concluded weeks ago, but for Microsoft's contempt. In any event, it should be at a close with Microsoft's compliance due in fourteen days. Plaintiffs' request is that their efforts be allowed to conclude.

Plaintiffs' diligence in pursuing every avenue to obtain the Skype communications between Mr. Flynn and his co-conspirators, coupled with Microsoft's unjustified refusal heed a clear directive from the Compliance Court, constitute good cause to extend the discovery deadline with respect to the documents that Plaintiffs seek from Microsoft.

Plaintiffs are mindful of the Court's caution in its prior order extending the

discovery deadlines in this matter that it will not move the discovery deadlines further.  ECF No. 186.  That is why Plaintiffs sought a swift disposition of their motion to compel, why they demanded that Microsoft comply with the court order compelling production promptly, and why they tried to address Microsoft's noncompliance informally.  But Microsoft's disobedience presented a hurdle outside of the normal course of discovery.  Neither Plaintiffs nor the Court could foresee that Microsoft—represented by competent counsel and aware that the Compliance Court had directed it to produce documents—would fail to heed the directive of a federal court.  Microsoft's defiance therefore presented an extraordinary circumstance that warrants a narrow extension of the discovery deadline, notwithstanding the Court's admonition.

***Granting this Motion Will Not Impact Any Other Deadlines in the Scheduling Order***

Because Plaintiffs seek modification of the scheduling order only with respect to the Microsoft documents, no other deadlines need be impacted by the granting of this motion.  All discovery will be complete well in advance of the July 2025 trial. Nor will an extension alter the existing deadline for parties to seek summary judgment, which may be granted "at any time," including before the conclusion of discovery.  *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("Rule 56 does not require that any discovery take place before summary judgment can be granted.").  Because nearly all of the discovery in this matter is complete already, no party will

suffer prejudice by the extension of the deadline to obtain this narrow category of information.

"[T]he Eleventh Circuit has repeatedly declined to adopt a blanket prohibition on the granting of summary judgment before discovery." *Davis v. McKenzie*, No. 16-62499-CIV, 2017 U.S. Dist. LEXIS 183519, at *48 (S.D. Fla. Nov. 3, 2017) (citing *Garmley v. Cochran*, 651 Fed. Appx. 933, 936 (11th Cir. 2016); *Reflectone, Inc. v. Farrand Optical Company, Inc.*, 862 F.2d 841, 843 (11th Cir. 1989)). Indeed, "[a] defendant may move for summary judgment 'at any time,' and the rules do not require that discovery be completed before the motion is heard." *Alholm v. Am. Steamship Co.*, 144 F.3d 1172, 1177 (8th Cir. 1998).

Here, because Defendants have not sought documents from Microsoft themselves, they cannot protest they require those documents for any motion for summary judgment. Indeed, Defendants appear to be prepared to move forward with any dispositive motion with or without any documents from Microsoft. The limited relief requested in this motion merely seeks to ensure that Plaintiffs are not deprived of the opportunity to use relevant evidence because a third-party has decided to disobey an order of a federal court.

*        *        *        *

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court extend their deadline for obtaining documents from Microsoft by thirty days, from January 15, 2025, to February 14, 2025.

Date: January 15, 2025

Respectfully submitted,

/s/ Anthony Sampson

Anthony C. Sampson

**KNEUPPER & COVEY, PC**
Kevin M. Kneupper, Esq. (pro hac vice)
kevin@kneuppercovey.com
A. Lorraine Weekes (pro hac vice)
lorraine@kneuppercovey.com
17011 Beach Blvd Suite 900,
Huntington Beach, CA 92647
Office: 657-845-3100

A. Cyclone Covey, Esq. (pro hac vice)
Cyclone@kneuppercovey.com
4475 Peachtree Lakes Dr.
Berkeley Lake GA, 30096
Office: 657-845-3100

Anthony C. Sampson, Esq. (pro hac vice)
Anthony@kneuppercovey.com
8911 North Capital of Texas Hwy,
Suite 4200, No. 1173
Austin, TX 78759
Office: 657-845-3100

**KIBBEY WAGNER PLLC**
Jordan Wagner, Esq. (SBN 14852)

73 SW Flagler Ave
Stuart, FL 34994-2140
Office: 772-444-7000
jwagner@kibbeylaw.com
*Attorneys for Plaintiffs Janet Sihler and Charlene Bavencoff and the Class*

## **LOCAL RULE 3.01(g) CERTIFICATION**

I certify that Plaintiffs' counsel has attempted to confer with Defendants'
counsel concerning this motion in good faith. My colleague, Cyclone Covey, discussed
this motion with counsel for Defendants Chargebacks911 and Gary Cardone in-
person on January 14, 2025, while counsel for Defendant Monica Eaton was in
attendance via videoconference. Defendants' counsel requested additional time to
confer with their client regarding Defendants' position on this motion. Because of
counsel travel for the proceedings in this matter, further meet & confer efforts are
impractical before the filing of this motion. Counsel for Plaintiffs will supplement this
certificate as appropriate under Local Rule 3.01(g)(3).

/s/ Anthony C. Sampson

Anthony Sampson

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been
furnished by the Court's CM/ECF electronic mail system, on this 15th day of January,
2025, to all counsel of record.

/s/ Anthony Sampson

Anthony C. Sampson

14