IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JANET SIHLER and CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br><br>GLOBAL E-TRADING, LLC DBA CHARGEBACKS911, GARY CARDONE, MONICA EATON,<br><br>    Defendants. | Case No. 8:23-cv-01450-VMC-LSG |

**DEFENDANT GLOBAL E-TRADING, LLC D/B/A CHARGEBACKS911'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL UNDER LOCAL RULE 1.11**

Pursuant to Local Rule 1.11(d), Defendant Global E-Trading, LLC d/b/a Chargebacks911 ("CB911") hereby responds to Plaintiffs' Motion to Seal, Dkt. 222, documents submitted to the court in connection with Plaintiffs' Motion for Sanctions, Dkt. 221.

CB911 acknowledges that the Court recently denied its prior Motions to Seal (Dkts. 233, 235, 236), ruling that the document CB911 seeks to seal herein should be filed publicly. *See* Dkt. 246. However, for the purposes of responding to Plaintiffs' Motion to Seal, CB911 seeks to seal one document, a "Chargebacks911 memo dated August 2017", which is an excerpt from the CB911 "Training Materials",

1

CB911_SIHLER_0002428, Deposition Exhibit Document 8 ("Training Materials"). This response clearly lays out for the Court the sole document that CB911 seeks to file under seal in connection with Plaintiffs' Motion for Sanctions, and articulates the good cause for sealing the document so that the Court can easily rule. CB911 seeks this relief to protect CB911's confidential and proprietary information. For the reasons set forth below, CB911 asks the Court to grant Plaintiffs' Motion to Seal.

## I.  LEGAL STANDARD

A "presumptive common law right to inspect and copy judicial records" exists. *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985). However, a party may overcome the common-law right of access "by a showing of good cause," which requires balancing "the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotation marks omitted). The "nature and character of the information in question" determines the existence of good cause. *Id.* (internal quotation marks omitted). Courts consider several factors in balancing the public interest against the interest in keeping information confidential: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

Additionally, among other requirements, the Local Rules provide:

A motion to seal an item:

. . .

(2) must describe the item;

(3) must establish

(A) that filing the item is necessary,

(B) that sealing the item is necessary, and

(C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;

(4) must include a legal memorandum;

(5) must propose a duration for the seal;

(6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

(7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and

(8) must include the item, which is sealed pending an order resolving the motion.

Local R. M.D. Fla. 1.11(b)(2)–(8).

## II.     ANALYSIS

Good cause exists to file under seal a "Chargebacks911 memo dated August 2017", which is an excerpt from CB911's Training Materials cited in Plaintiffs' Motion for Sanctions. In accordance with Local Rule 1.11(b)(2)–(3), CB911 describes the item

3

that this motion seeks to file under seal below and provides an accompanying good-cause analysis.

This document is a compilation of unapproved company training and policy documents and presentations and is thus not reliable. Dkt. 239-1, Eaton Decl. at ¶8. It contains confidential and proprietary information that would place it at a competitive disadvantage were this information to be disclosed. Dkt. 239-1, Eaton Decl. at ¶8. It is a draft training document that contains information about unique business processes and workflows related to services offered by CB911, along with instructions for employees on how to use software to provide CB911's services. Dkt. 239-1, Eaton Decl. at ¶8. This information reflects non-public information and provides a competitive advantage against companies offering similar services. Dkt. 239-1, Eaton Decl. at ¶8. The document also includes detailed instructions for running various analyses to help answer client questions as well as internal sales strategies. Dkt. 239-1, Eaton Decl. at ¶8. The cover email to this document, CB911_SIHLER_0002427 Deposition Exhibit 74, from Ms. Eaton states that the information is "CONFIDENTIAL training information that should not be shared with anyone" and is for "use in the US strictly for Client Relations." The email even states that it is a "MASSIVE LIABILITY to be sharing this Client Relations document" and that neither this document or any other training documents should be shared without Ms. Eaton's explicit approval. Ms. Eaton explained that the training document includes information "about clients, how we get business, or anything about how chargebacks

4

work." CB911_SIHLER_0002427 Deposition Exhibit 74. Because the entire document reflects this proprietary information, there is good cause to seal the whole document. *See Foundever Operation Corp. v. Hahn,* No: 8:23-cv-1495-CEH-UAM, 2023 WL 7273571, at *2 (M.D. Fla. Nov. 3, 2023) (finding that the plaintiff had established good cause to overcome the common-law right of access where the documents contained information that was "competitively sensitive" and "confidential").

The document does not concern public officials or public concerns. Balancing the public interest against the interest in keeping this information confidential weighs in favor of allowing CB911 to file the item under seal because allowing access would impair legitimate privacy interests, the degree of likelihood of injury if made public is substantial, and a less onerous alternative to sealing does not exist. *See Romero*, 480 F.3d at 1246. Further, sealing the item is necessary based upon the analysis above. *See* Local R. M.D. Fla. 1.11(b)(3)(B).

CB911 has aimed to use means other than sealing as much as possible, including narrowing the field of documents it seeks to seal; for the document it seeks to file under seal, sealing is necessary because the information discusses or reflects confidential and proprietary information. *See* Local R. M.D. Fla. 1.11(b)(3)(C).

For the foregoing reasons, CB911 respectfully requests the Court grant CB911's request to Seal the "Chargebacks911 memo dated August 2017", which is an excerpt from CB911's Training Materials.

Dated: February 19, 2025  Respectfully submitted,

/s/ Corey W. Roush
Corey W. Roush, Esq. (*pro hac vice*)
Taylor Randleman (*pro hac vice*)
**SIDLEY AUSTIN LLP**
1501 K St, NW
Washington, DC 20005
Telephone: 202-736-8624
corey.roush@sidley.com
taylor.randleman@sidley.com

***Attorneys for CB911 and Gary Cardone***

## CERTIFICATE OF SERVICE

I certify that on February 19, 2025, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Taylor N. Randleman
Taylor N. Randleman