UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET SIHLER and
CHARLENE BAVENCOFF,
Individually and
on Behalf of All Others
Similarly Situated,

      Plaintiffs,

v.                             Case No. 8:23-cv-1450-VMC-LSG

GLOBAL E-TRADING, LLC,
d/b/a Chargebacks911,
GARY CARDONE, and
MONICA EATON,

      Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiffs Janet Sihler and Charlene Bavencoff's Omnibus Motion in Limine (Doc. # 304), and Defendant Global e-Trading, LLC's Motion in Limine (Doc. # 305), both filed on May 12, 2025. Each side has responded to the other's Motion. (Doc. ## 317, 320). For the reasons that follow, Global e-Trading's Motion is granted in part and denied in part, and Plaintiffs' Motion is denied.

**I.  Legal Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial,

1

and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in

question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

Federal Rule of Civil Procedure 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403; United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Use of Rule 403 to exclude relevant evidence is an "extraordinary remedy" whose "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003) ("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

## II. Discussion

### A. Defendant's Motion

Defendant Global e-Trading[1] seeks to exclude fifteen categories of evidence:

> (1) Any evidence, statement, or argument suggesting that Brightree or any of the other alleged Keto Enterprise participants were part of the Microtransactions Enterprise or that the two enterprises overlap;
>
> (2) Any evidence, statement, or argument from the time before Brightree was formed as an entity;

---

[1] Although the Motion was filed by three Defendants, the Court has subsequently dismissed for lack of RICO standing Count Two, the only claim against Defendants Gary Cardone and Monica Eaton. (Doc. # 318). Thus, Global E-Trading is the only remaining Defendant.

(3) Any Brightree communications that did not include Global e-Trading individuals or reference Global e-Trading, Global e-Trading's employees, or Global e-Trading's services;

(4) Any evidence, statement, or argument referring to Global e-Trading communications with non-Brightree clients;

(5) Any evidence, statement, or argument relating to Global e-Trading's in-house program known as Value Added Promotions ("VAP"), including Kendall Christensen's deposition testimony;

(6) Any evidence, statement, or argument regarding claims that Global e-Trading engaged in actions that defrauded financial institutions;

(7) Any evidence, statement, or argument stemming from FTC, et al. v. Global E-Trading, LLC et al., 8:23-cv-796-MSS-CPT (M.D. Fla. Apr. 12, 2023) ("FTC action");

(8) Any evidence, statement, or argument related to pretrial proceedings or issues, including but not limited to discovery disputes or dispositive motion practice;

(9) Any evidence, statement, or argument related to documents that have been identified as drafts and not official Global e-Trading policy;

(10) Any evidence, statement, or argument stemming from deposition testimony in Sihler et al. v. The Fulfillment Lab, Inc. et al, 3:20-cv-01528-LL-DDL (S.D. Cal.);

(11) Any evidence, statement, or argument referring to The Fulfillment Lab shipment spreadsheet, Sihler3_010039, as evidence of damages;

(12) Any evidence, statement, or argument related to personal information of Defendants Eaton and Cardone;

5

> (13) Any evidence, statement, or argument from a witness regarding the credibility of another witness — specifically, statements by Plaintiffs' expert Kenneth Musante regarding Gary Cardone's truthfulness;
>
> (14) Mr. Musante's opinions and testimony regarding Global e-Trading's clients as "fraudulent merchants" and "bad actors"; and
>
> (15) Mr. Musante's opinions and testimony that Global e-Trading ran "sham" transactions.

(Doc. # 305).

As a preliminary matter, the Motion is denied as moot as to category 1. The Microtransactions Enterprise was only alleged in Count Two, which the Court has subsequently dismissed for lack of RICO standing. (Doc. # 318). Thus, the case is only proceeding as to Count One regarding the Keto Enterprise. There is no longer a concern that evidence of the Keto Enterprise could be used to establish the claim concerning the Microtransactions Enterprise.

Next, the Motion is denied as to categories 13, 14, and 15. These categories all challenge the anticipated testimony of Plaintiffs' expert, Mr. Kenneth Musante. (Id. at 23-24). However, the Court has already granted in part and denied in part Global e-Trading's motion to exclude the testimony of Mr. Musante, which raised both Daubert and Rule 403 arguments.

(Doc. # 308). The Court will not limit Mr. Musante's testimony beyond its earlier ruling.

The Court grants the Motion as to category 12. The claim against Ms. Eaton and Mr. Cardone has been dismissed, such that Ms. Eaton and Mr. Cardone are no longer Defendants. True, evidence of Mr. Cardone's and Ms. Eaton's conduct as executives of Global e-Trading is relevant and admissible to prove the RICO claim against Global e-Trading. The Court agrees with Global e-Trading, however, that evidence regarding Mr. Cardone's or Ms. Eaton's social media posts, financial status, and political affiliation are of minimal relevance and are unfairly prejudicial. Evidence as to these personal matters is excluded under Rule 403. Nevertheless, this ruling does not preclude Plaintiffs from introducing evidence of Global e-Trading's profits or financial gain from its involvement in the Keto Enterprise.

Next, the Motion is denied as to categories 2, 3, 4, 5, 6, 9, 10, and 11. The numerous broad categories of evidence that Global e-Trading attempts to exclude are highly probative of the various elements of Plaintiffs' RICO claim. The Fulfillment Lab shipment spreadsheet is relevant to the issue of damages and the Court recently denied Global e-Trading's Daubert motion to exclude the testimony of

Plaintiffs' damages expert, who based her conclusions in large part on this spreadsheet. (Doc. # 308). Any issues with the spreadsheet can be addressed on cross-examination of Plaintiffs' expert at trial or through Global e-Trading's rebuttal damages expert. Multiple challenged categories of evidence, such as Global e-Trading's draft documents, evidence of Global e-Trading's business practices from before Brightree was created, Global e-Trading's communications with non-Brightree clients, actions taken by Global e-Trading that may constitute fraud on financial institutions, and Global e-Trading's in-house VAP program, are probative of Global e-Trading's knowledge and intent, which are hotly disputed issues.[2] Likewise, other categories of evidence, such as communications between members of the Keto Enterprise that did not include or refer to Global e-Trading and depositions taken in the other <u>Sihler</u> class action in California, support the existence of the Keto Enterprise and a pattern of racketeering activity, other elements that Plaintiffs must prove at trial. Additionally, as to evidence or depositions

---

[2] While the Court has previously ruled that financial institution fraud may not serve as a predicate act for the pattern of racketeering activity element of the RICO claim (Doc. # 128), the Court has never held that evidence Global e-Trading committed acts that had the effect of defrauding banks could not serve as evidence of other elements.

from the other Sihler case, "Plaintiffs expect that any use of this evidence would be in the context of depositions taken of the same witnesses in this case, with Defendants' attorneys present." (Doc. # 317 at 17).

These categories of evidence are all potentially admissible. The Court must address any specific hearsay or other objections in the context of trial. See Robbins v. Robertson, No. 7:15-CV-00124 (WLS), 2022 WL 2987890, at *5 (M.D. Ga. July 28, 2022) ("Motions in limine that are broad, vague, and include speculative categories of evidence and argument of which the Court cannot predetermine the admissibility are due to be denied, as the real purpose of a motion in limine is to avoid the introduction of evidence at trial that is clearly inadmissible on all potential grounds and could irretrievably impact the fairness of the trial." (citation and internal quotation marks omitted)). Additionally, the Court does not consider any of these categories of evidence unfairly prejudicial or confusing to the jury such that exclusion under Rule 403 is inappropriate.

The Motion is also denied as to category 8. Global e-Trading expresses concern that Plaintiffs will introduce at trial the deposition of its employee Mr. Benjamin Scrancher, in which Mr. Scrancher swore that he did not recall ever

deleting Skype messages and refused to answer other questions about deletions, as well as the fact that Mr. Scrancher had deleted numerous relevant Skype messages, as Plaintiffs learned late in this case. (Doc. # 305 at 14-16). To start, the recently recovered deleted messages themselves are relevant evidence. These messages are probative of Global e-Trading's knowledge, intent, and commission of predicate acts and substantial assistance for predicate acts committed by other Keto Enterprise members.

As to Mr. Scrancher's deposition, the Court does not believe that Plaintiffs' "sole purpose" in introducing the deposition is to undermine Mr. Scrancher's credibility with his misrepresentations about deleting Skype messages. See Williams v. Asplundh Tree Expert Co., No. 3:05-cv-479-VMC-MCR, 2006 WL 2868923, at *7 (M.D. Fla. Oct. 6, 2006) ("[A] party may not call a witness for the sole purpose of presenting impeachment evidence that would otherwise be inadmissible."). And while discussion about pre-trial motions and discovery disputes is generally irrelevant at trial, the Court disagrees that presentation of Mr. Scrancher's deposition or the evidence that Mr. Scrancher's deleted Skype messages were discovered after his deposition is irrelevant. The credibility of Global e-Trading's employees who worked

with other members of the Keto Enterprise is relevant. The fact that Mr. Scrancher, as an employee and agent of Global e-Trading, deleted incriminating Skype messages with other Keto Enterprise members is highly probative of knowledge and intent. See United States v. Santiago-Mendez, 599 F. Supp. 2d 95, 126 (D.P.R. 2009) ("Spoliation is probative of consciousness of guilt." (citation and internal quotation marks omitted)). The fact that Plaintiffs did not discover Mr. Scrancher's deletions of messages or recover those messages until later in this litigation may help Plaintiffs explain to the jury why Mr. Scrancher was not confronted with those messages during his deposition.

While evidence regarding the deletion of messages, the content of those messages, and Mr. Scrancher's misrepresentations about the deletions is prejudicial to Global e-Trading, it is not unfairly prejudicial. See United States v. Harris, 886 F.3d 1120, 1129 (11th Cir. 2018) ("Even though this evidence undoubtedly was prejudicial to Harris, some degree of prejudice is characteristic of all relevant evidence. In this case, the prejudicial effect of the evidence in question was not so significant that it substantially outweighed the probative value." (citation omitted)). To the extent Global e-Trading fears Plaintiffs will attempt to

11

introduce to the jury the existence of discovery motions or sanctions motions that it has not specified, Global e-Trading may raise specific objections if Plaintiffs seek to introduce such evidence at trial.

Finally, as to category 7, Global e-Trading seeks to exclude any evidence, statement, or argument stemming from the FTC action that Global e-Trading settled in November 2023. The Court agrees with Plaintiffs that the FTC action's allegations against Global e-Trading regarding its VAP program and alleged submission of misrepresentations in representments it prepared for clients besides Brightree are relevant to Global e-Trading's knowledge and intent in this case. (Doc. # 317 at 11-12). Additionally, Plaintiffs contend that they may introduce evidence of the FTC action to address Global e-Trading's scienter, rather than for the truth of the matters asserted in the FTC action. (Id. at 12). Because the Court cannot determine now that evidence of the FTC action is inadmissible on all potential grounds, the Court denies the Motion at this time. The Court will address any specific objection Global e-Trading raises to this evidence at trial and, if this evidence is introduced, the Court will consider issuing a limiting instruction.

### B. **Plaintiffs' Motion**

Plaintiffs seek to exclude seven categories of evidence and argument:

> (1) Certain evidence related to Plaintiffs' settlement in the related proceeding, Sihler, et al. v. The Fulfillment Lab, Inc., et al., 3:20-cv-01528-LL-DDL (S.D. Cal. Aug. 6, 2020) ("Sihler v. TFL");
>
> (2) Arguments that acquirers' underwriting procedures obviate Defendants' liability for assisting Brightree Holdings Corporation and its associates in the fraudulent sale of purported keto weight loss pills;
>
> (3) Attacks on the adequacy of the named Plaintiffs as class representatives;
>
> (4) Material misstatements of the law to the jury;
>
> (5) Evidence and argument related to lawsuits that Plaintiffs did not file;
>
> (6) Argument related to apportionment of damage among RICO co-conspirators; and
>
> (7) Evidence or references to RICO treble damages or attorneys' fees.

(Doc. # 304 at 1-2).

Global e-Trading asserts that it has no intention of introducing evidence or marking argument as to six of these seven categories — specifically, categories 1, 3, 4, 5, 6, and 7. (Doc. # 320 at 3-4). Indeed, Global e-Trading insists that "there is no dispute about these narrow, specific topics." (Id. at 3). Thus, the Motion is denied as moot as to

categories 1, 3, 4, 5, 6, and 7. If Global e-Trading attempts to address these categories at trial, Plaintiffs may object at that time.

That leaves only category 2, concerning Global e-Trading's anticipated argument that acquiring banks' underwriting procedures obviate its liability for assisting Brightree and its associates in the fraudulent sale of keto diet pills. According to Plaintiffs, "[t]he central question for the jury will be whether [Global e-Trading's] conduct amounted to substantial assistance of Brightree's fraud. [Global e-Trading] should be foreclosed from shifting responsibility to other actors because doing so is irrelevant to the question of whether [Global e-Trading's] conduct — e.g., facilitating relationships with acquiring banks, arranging for signatories on shell companies, or serving as a liaison between Brightree and Johnny DeLuca — helped the Keto Associates defraud the Plaintiffs." (Doc. # 304 at 7).

The Motion is denied as to this category of evidence. The Court agrees with Global e-Trading that evidence and argument regarding acquiring banks' risk assessment practices is relevant to whether Global e-Trading's assistance to the Keto Enterprise was substantial, as well as Global e-Trading's knowledge and intent. (Doc. # 320 at 7).

14

Furthermore, introduction of evidence about the acquiring banks' underwriting practices will not confuse the jury. Global e-Trading may introduce this evidence as part of its defense at trial.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs Janet Sihler and Charlene Bavencoff's Omnibus Motion in Limine (Doc. # 304) is **DENIED.**

(2) Defendant Global e-Trading, LLC's Motion in Limine (Doc. # 305) is **GRANTED** in part and **DENIED** in part to the extent explained in this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of June, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE