# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JANET SIHLER, Individually and On
Behalf of All Others Similarly Situated;
CHARLENE BAVENCOFF,
Individually and On Behalf of All Others
Similarly Situated,

*Plaintiffs*,

v.

GLOBAL E-TRADING, LLC DBA
CHARGEBACKS911,

*Defendant.*

Case No.:  8:23-cv-1450-VMC-LSG

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over the action and each of the parties for purposes of settlement and asserts jurisdiction over the Class Members for purposes of effectuating this Settlement and releasing their claims; and

WHEREAS, this Court has considered all submissions related to the Motion and is otherwise fully advised in the premises,

IT IS HEREBY ORDERED AS FOLLOWS:

1

## I.     PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.     The Court preliminarily approves the terms of the Settlement Agreement dated July 11, 2025, including all exhibits thereto (the "Settlement Agreement"), as fair, reasonable and adequate. The Court finds that the terms of the Settlement Agreement are sufficient to warrant sending notice to the Settlement Class and are subject to further consideration at the Final Approval Hearing on December 2, 2025 referenced below. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings in this Order.

2.     The Settlement Agreement was entered into after extensive arm's length negotiations by experienced counsel and with the assistance and oversight of an experienced mediator. The Court preliminarily finds that the settlement embodied in the Settlement Agreement complies with the class action requirements of Federal Rule of Civil Procedure 23. Further, the Court finds that the settlement embodied in the Settlement Agreement is sufficiently within the range of reasonableness so that notice of the settlement should be given as provided in the Settlement Agreement and this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.

## II.     THE CLASS, CLASS REPRESENTATIVES AND CLASS COUNSEL

3.     The Court has previously certified the Class, Class Representative, and Class Counsel. Doc. 156 at 34.

2

4.      All proceedings in this Action, other than such proceedings as may be necessary to implement the proposed settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed until further order of this Court.

5.      All Class Members and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

6.      If the Settlement Agreement is not finally approved by the Court, or for any reason the Final Judgment and Order Approving Settlement is not entered as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then:

(a)    All orders and findings entered by the Court in connection with the Settlement Agreement shall become null and void and have no force or effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b)    Nothing contained in this Order is to be construed as a presumption, concession or admission by or against any Defendant or Class Representatives of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action;

(c)    Nothing in this Order pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in the Action; and

(d)    All of the Court's prior Orders having nothing whatsoever to do with class certification or the Settlement Agreement shall, subject to this Order, remain in force and effect.

## III.   NOTICE TO CLASS MEMBERS

7.    The Court has considered the proposed Class Notice in the Settlement Agreement and finds that the forms of Class Notice and methodology for its publication and dissemination as described in the Settlement Agreement: (a) meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e); (b) constitute the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfy the Constitutional requirements regarding notice. In addition, the Court finds that the forms of Class Notice: (a) apprise Class Members of the terms of the proposed settlement embodied in the Settlement Agreement and their rights and deadlines (including any

4

Supplemental Claim Deadline) under the settlement; (b) are written in simple terminology; (c) are readily understandable by Class Members; and (d) comply with the Federal Judicial Center's illustrative class action notices. The Court approves, as to form and content, each of the forms of Class Notice as described in the Class Notice Plan and the methodology for its publication and dissemination as described in the Settlement Agreement and in the Declaration of the Settlement Administrator in all respects, and it hereby orders that notice be commenced within forty-five (45) days of this Order.

8.     The Court further approves the establishment of an internet website for the settlement. This settlement Website shall include documents relating to the Settlement Agreement, orders of the Court relating to the Settlement Agreement and such other information as Class Counsel and Defendant's Counsel mutually agree would be beneficial to potential Class Members. The Notice and Claim Administration Expenses are to be paid in accordance with the Settlement Agreement. The Parties are hereby authorized to establish the means necessary to implement the Class Notice and other terms of the Settlement Agreement.

9.     The Court hereby appoints Kroll Settlement Administration to be the Settlement Administrator. Responsibilities of the Settlement Administrator are found in the Settlement Agreement.

## IV.    REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS

10.     Class Members who wish to be excluded from the Settlement Class must mail a written request for exclusion, using the form available on the Settlement Website,

or with a letter mailed to the Settlement Administrator received no later than fourteen (14) days before the date first set for the Final Approval Hearing. A request for exclusion may also be submitted online at the Settlement Website. Any request for exclusion must be signed by the potential Class Member and contain the following information: the name, address, and telephone number of the Class Member; basis upon which the person claims to be a Class Member; the Class Member's signature and date of signature; and a statement that the Class Member wants to be excluded.

11.    Potential Class Members who timely and validly exclude themselves from the Settlement Class shall not be bound by the Settlement Agreement, the settlement, or the Final Judgment and Order Approving Settlement. If a potential Class Member files a request for exclusion, he/she/it may not assert an objection to the Settlement Agreement. Not later than three (3) days after the Opt-Out Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a final list of timely Requests for Exclusion. Defendant's Counsel shall file this list with the Court prior to the Final Approval Hearing.

12.    Any potential Class Member that does not properly and timely exclude himself/herself/itself from the Settlement Class shall remain a Class Member and shall be bound by all the terms and provisions of the Settlement Agreement and the settlement and the Final Judgment and Order Approving Settlement, whether or not such Class Member objected to the Settlement Agreement or submits claim form or otherwise avails himself/herself/itself of the benefits available in the Settlement Agreement.

6

13.     No later than ten (10) days before the date first set for the Final Approval

Hearing, the Settlement Administrator shall prepare an opt-out list identifying all

Persons, if any, who submitted a timely and valid Request for Exclusion from the

Settlement Class, and an Affidavit attesting to the accuracy of the opt-out list.

## V.    OBJECTIONS

14.     Any Class Member who has not requested exclusion and who wishes to

object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to

the requested award of attorneys' fees, costs, and expenses, must submit a written

statement of objections to the Court either by mailing or by filing it at any location of

the United States District Court for the Middle District of Florida. The written objection

must be filed or mailed and received no later than fourteen (14) days before the date first

set for the Final Approval Hearing.

15.     To be considered by the Court, any objection must be in writing and

include the following information: (a) a heading which refers to the case name and

number (*Sihler et al v. Global e-Trading, LLC et al*, Case Number 8:23-CV-01450); (b) the

objector's full name, telephone number, and address (the objector's actual residential

address must be included); (c) if represented by counsel, the full name, telephone

number, and address of all counsel, and whether counsel will appear at the Final

Approval Hearing; (d) all of the reasons for the objection; (e) an explanation of the basis

upon which the person claims to be a Class Member; and (f) the objector's dated,

handwritten signature (an electronic signature or attorney's signature are not sufficient).

Any documents supporting the objection must also be attached to the objection. If any testimony is to be given in support of the objection, the names of all persons who will testify must be set forth in the objection. For mailing objections, the Court's address is as follows:

Clerk of Court

United States District Court

Middle District of Florida

Sam M. Gibbons United States Courthouse

801 N. Florida Avenue

Tampa, FL 33602

16.    The Court will require substantial compliance with the requirements above. If the objector does not submit a written objection in accordance with the deadline and procedure set forth above, the objector will waive any right to be heard at the Final Approval Hearing. However, the Court may excuse the objector's failure to file a written objection upon a showing of good cause, which, if granted, would permit the objector to still appear at the Final Approval Hearing and object to the Settlement.

## VI.    FINAL APPROVAL HEARING

17.    The Final Approval Hearing will be held on December 2, 2025 at 10:00 AM Eastern Time before this Court, at the Sam M. Gibbons United States Courthouse, Courtroom 14B, 801 N. Florida Avenue Tampa, FL 33602, to consider, *inter alia*, the following: (a) whether the Settlement Class should be certified for settlement purposes;

(b) whether the settlement and Settlement Agreement should be finally approved as fair, reasonable and adequate; and (c) Class Counsel's application for attorneys' fees, costs and expenses ("Fee Request").

18.    No later than thirty-five (35) days prior to the Final Approval Hearing, Class Counsel shall file and Defendant may file with the Court any memoranda or other materials in support of final approval of the Settlement Agreement. No later than forty-five (45) days prior the Final Approval Hearing, Class Counsel shall file any request for attorneys' fees and expenses with the Court. Any briefs responsive to final approval of the Settlement Agreement or Class Counsel's request for attorneys' fees and expenses or responses to objections to the Settlement Agreement shall be filed no later than seven (7) days prior the Final Approval Hearing.

19.    Any Class Member who has not excluded himself/herself/itself from the Settlement Class may appear at the Final Approval Hearing in person or by counsel (at his/her/its own expense) and may be heard, to the extent allowed by the Court, either in support of or in opposition to the Settlement Agreement and/or the fee request. Any Class Member wanting to be heard at the Final Approval Hearing shall send a letter saying that it is his/her/its "Notice of Intention to Appear in *Sihler et al v. Global e-Trading, LLC et al*." Such letter shall be mailed to the Clerk of Court and received on or before seven (7) days prior to the date first set for the Final Approval Hearing. In the notice, the Class Member must include his/her/its name, address, and telephone

number, and the name, address, and telephone number of counsel, if any, that will appear. For mailing notices of intent to appear, the Court's address is as follows:

Clerk of Court

United States District Court

Middle District of Florida

Sam M. Gibbons United States Courthouse

801 N. Florida Avenue

Tampa, FL 33602

20.    The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court, on the Court's website, and/or the Settlement Website.

## VII.  OTHER PROVISIONS

21.    The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement.

22.    The deadlines set forth in this Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members, except that notice of any such extensions shall be included on the Settlement Website. Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

23.    Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Class Notice or to any other exhibits that the parties jointly agree are reasonable or necessary.

24.    For now, this Court shall maintain jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class. If the settlement is finally approved, the Court will revisit at the Final Approval Hearing the extent to which it may retain jurisdiction.

DONE AND ORDERED in Tampa, Florida, on this 14th day of August, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE