UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JANET SIHLER, Individually and On Behalf of All Others Similarly Situated; CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br>v.<br><br>GLOBAL E-TRADING, LLC DBA CHARGEBACKS911, GARY CARDONE, MONICA EATON,<br><br>*Defendants.* | Case No.: 8:23-CV-01450-VMC-LSG |

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

WHEREAS, this matter has come before the Court pursuant to Plaintiff's Motion for Attorney's Fees and Costs (the "Motion");

WHEREAS, this Court has considered all submissions related to the Motion and is otherwise fully advised in the premises,

IT IS HEREBY ORDERED AS FOLLOWS:

The Court has considered the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and finds that the factors favor an upward adjustment of the benchmark common fund rate to an award of one-third of the common fund in attorney's fees.

1

The Court finds as to Factor One that the time and labor was significant, and that a lodestar cross-check weighs in favor of an upward adjustment.

The Court finds as to Factor Two and Three that the nature and complexity of a RICO class action, and the skill required to pursue it, weighing in favor of an upward adjustment.

The Court finds as to Factor Four that Class Counsel was precluded from other employment by taking on the action, weighing in favor of an upward adjustment.

The Court finds as to Factor Five and Factor Twelve that a one-third award is in line with other similar awards in this District in comparable cases, weighing in favor of an upward adjustment.

The Court finds as to Factor Six that the contingent nature of this lawsuit weighs in favor of an upward adjustment.

The Court finds that Factor Seven is neutral because there were no applicable time limitations.

The Court finds as to Factor Eight that the results obtained were a high proportion of the actual damages, weighing in favor of an upward adjustment.

The Court finds as to Factor Nine that the experience, reputation, and ability of Class Counsel and the law firms opposing them are strong and weigh in favor of an upward adjustment.

The Court finds as to Factor Ten that the case was undesirable to other attorneys, weighing in favor of an upward adjustment.

The Court finds that Factor Eleven is inapplicable and is neutral.

Having considered all of the *Johnson* factors, the Court awards one-third of the common fund ($4,166,666.66) to Kneupper & Covey, PC as a reasonable attorney's fee under Federal Rule of Civil Procedure 23(h).

The Court has further considered the request for reimbursement of costs from the common fund, and awards $334,064.45 in costs to Kneupper & Covey, PC.

The Court has also considered the request for payment to the Settlement Administrator, and awards up to $117,106 in costs, payable as invoices become due. Requests for additional costs for the Settlement Administrator may be made to the Court in the future if this estimated amount changes as the settlement payments continue to be administered.

The awarded attorney's fees and costs are to be distributed proportionately to the settlement payments, *i.e.*, one-third of each payment as it becomes available for distribution in attorney's fees, and a percentage of the costs proportional to the percentage of the common fund which each payment amounts to.

DONE AND ORDERED in Tampa, Florida, on this 2nd day of December, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE