UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JANET SIHLER, Individually and On Behalf of All Others Similarly Situated; CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br>v.<br><br>GLOBAL E-TRADING, LLC DBA CHARGEBACKS911, GARY CARDONE, MONICA EATON,<br><br>*Defendants.* | Case No.: 8:23-CV-01450-VMC-LSG |

## ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, this matter has come before the Court pursuant to Plaintiff's Motion for Final Approval of Class Action Settlement (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over the action and each of the parties for purposes of settlement and asserts jurisdiction over the Class Members for purposes of effectuating this Settlement and releasing their claims; and

WHEREAS, this Court has considered all submissions related to the Motion and is otherwise fully advised in the premises,

WHEREAS, this matter is before the Court following a hearing on December 2, 2025. The Court has considered the Settlement Agreement (the "Settlement Agreement"). An opportunity to be heard having been given to all other persons desiring

1

to be heard as provided in the Notice and having considered all of the submissions and arguments, and good cause appearing therefore;

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action, and all Parties to the action for purpose of settlement, including all Settlement Class Members.

2. The Court finds that no persons filed timely requests for exclusion.

3. The Court directed that Class Notice be given to the Class Members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved Class Notice Program, the Settlement Administrator caused the forms of Class Notice to be disseminated as ordered.

4. The distribution of the Class Notice pursuant to the Class Notice Program constituted the best notice practicable under the circumstances, and fully satisfies the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law.

5. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and interested persons, the Settlement Agreement proposed by the Parties is fair, reasonable, and adequate. In reaching this conclusion, the Court considered the record in its entirety and heard the arguments of counsel for the Parties and all other persons seeking to comment on the proposed Settlement Agreement. In addition, the Court has considered a number of

factors, including: 1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. The Court has further considered whether "the class representatives and class counsel have adequately represented the class," "the proposal was negotiated at arm's length," "the relief provided for the class is adequate" taking into account certain factors, "any agreement required to be identified under Rule 23(e)(3)," and whether "the proposal treats class members equitably relative to each other."

6.  The terms and provisions of the Settlement Agreement are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of well-respected mediators. Approval of the Settlement Agreement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

7.  All Class Members who have not timely and validly opted out are Class Members who are bound by this Order and accompanying Final Judgment and by the terms of the Settlement Agreement.

8.  Nothing in the Settlement Agreement, this Order, the accompanying Final Judgment, or the fact of the settlement constitutes any admission by any of the Parties

of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the action.

9. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Settlement Class. The efforts of Class Counsel have produced the Settlement Agreement entered into in good faith, and which provides a fair, reasonable, adequate, and certain result for the Settlement Class.

10. The Court hereby dismisses with prejudice this action, and all Released Claims against each and all Released Parties, and without costs to any of the Parties as against the others.

11. All Class Members and their legally authorized representatives are hereby enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

12. Without affecting the finality of this Order and the Final Judgment, the Court retains jurisdiction during the 36-month settlement period solely to enter the parties' agreed consent judgment if Defendant Global E-Trading, LLC, defaults on its payment obligation.

13. The Court finding that no reason exists for delay in entering this Order and the Final Judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b), the Clerk is hereby directed to enter the Final Judgment forthwith, with judgment entered in favor of Plaintiffs Charlene Bavencoff and Janet Sihler against Defendant Global E-Trading, LLC, and judgment entered in favor of Defendants Gary Cardone and Monica Eaton against Plaintiffs. Thereafter, the Clerk is directed to close the case.

14. The Parties and the Settlement Administrator are hereby directed and authorized to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. In addition, the Parties, without further approval of the Court, are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement so long as they are: (i) consistent in all material respects with this Final Order and the Final Judgment; and (ii) do not limit the rights of the Settlement Class.

DONE AND ORDERED in Tampa, Florida, on this 2nd day of December, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE